UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

CHARLES MICHAEL ROSS, )
    *Plaintiff*, )
  )
v. ) No. 1:24-cv-00191-CEA-CHS
  )
STATE OF TENNESSEE, )
JONATHAN SKRMETTI, State Attorney General, )
ALEXANDER MCVEAGH, )
and CHRISTIE SELL, )
    *Defendants*. )

## REPORT AND RECOMMENDATION

**I.   Introduction**

Charles Michael Ross, *pro se*, is proceeding *in forma pauperis* [Doc. 13]. This Court is responsible for screening all actions filed by plaintiffs proceeding *in forma pauperis* status and for dismissing any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addition, "federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998).

**II.   Background**

Plaintiff filed this action on June 10, 2024, in this Court. He states in his complaint that the basis of this Court's jurisdiction is 42 U.S.C. § 1983, as well as the Fifth and Fourteenth Amendments of the United States Constitution. [Doc. 1, Complaint at Sec. II A, p. 3]. Additionally, he alleges the following:

- In October 2024, a female process server came to his residence looking for him. Plaintiff's mother answered the door and told the woman that Plaintiff was not there. The process server asked for a description of Plaintiff which his mother gave. Then the process server tried to give her papers, but Plaintiff's mother refused to sign and accept papers on his behalf. [*Id.*, Sec. III, ¶¶ 1-2, p. 6].

- On February 23, 2024, Plaintiff received a letter from a law firm "forwarding a final judgment to the Register of Deeds Office to be entered as a lien against all property but I was never served a summons to appear in court." [*Id.* ¶ 2]. The judgment was entered against him in Case No. 23GS9587 in the Hamilton County, Tennessee, General Sessions Court.

- Plaintiff subsequently obtained a copy of the process server's affidavit attesting service, and he learned the process server was named Kimberly Skeel. Plaintiff filed a motion to set aside the judgment in the Hamilton County General Sessions Court. [*Id.* ¶¶ 3-4].

- On March 25, 2024, Plaintiff told Judge McVeagh of the Hamilton County General Sessions Court that he had never been served with process in the underlying case. Judge McVeagh instructed him to subpoena Kimberly Skeel to court, but Plaintiff did not have the funds to do so.

- On April 8, 2024, Plaintiff appeared before Judge Sell of the Hamilton County General Sessions Court. Plaintiff asserted that it was the Court's responsibility to subpoena Kimberly Skeel because she had perjured herself before the Court. Judge Sell disagreed and denied his motion to set aside the judgment entered against him. [*Id.* ¶ 6].

- In essence, Plaintiff asks this Court to set aside the judgment entered against him in case no. 23GS5987 in Hamilton County General Sessions Court, and he seeks $100,000 against Defendants for entering that judgment against him and for failing to set the judgment aside despite his allegations that he had not been served with process. In addition to the $100,000 in damages, Plaintiff seeks transportation costs and parking costs incurred in coming to the Hamilton County General Sessions Court.

### III. Discussion

#### A. Standard of Review

The standard required by §1915(e)(2) to properly state a claim upon which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as

true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (*per curiam*); *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 555-56 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555.) However, a court is not required to accept legal conclusions without a factual basis when reviewing a complaint to determine if it states a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Further, the complaint must state "a plausible claim." *Iqbal*, 556 U.S. 662 (2009). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

B.   Analysis

Plaintiff seeks to bring an action under 42 U.S.C. § 1983 against the State of Tennessee, Jonathan Skrmetti in his official capacity as Tennessee State Attorney General, and Hamilton County General Sessions Court Judges Alexander McVeagh and Christie Sell. In his lawsuit, Plaintiff asserts that these defendants violated his due process rights by not setting aside the judgment entered against him in General Sessions Court case no. 23GS9587, and he asks this Court to set aside the judgment and award him damages. Under the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction to do so.

"The *Rooker-Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)). This doctrine applies "where a state-court loser initiates an action in federal district court, complaining of injury caused by a state court judgment, and seeks review and rejection of that judgment." *Id.* at 298-99 *see also Larry*

*E. Parrish, P.C., v. Bennett*, 989 F.3d 452, 455 (6th Cir. 2021) ("district courts may not consider cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.") (internal citation omitted).

Plaintiff is asking the Court to review and set aside the final judgment in the case against him brought in the Hamilton County General Sessions Court in case no. 23GS9587 which led to a lien being filed on his property. Pursuant to the *Rooker-Feldman* doctrine, this Court lacks subject matter jurisdiction to do so. *See e.g., Zerod v. Caprathe*, 76 F. App'x 65 (6th Cir. 2003) (holding the district court lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine to review the state judicial process that determined the plaintiffs did not own real property which plaintiffs lost due to nonpayment of taxes).

## IV. Conclusion

For the reasons set forth above, it is **RECOMMENDED**[1] that this action be **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[2]

**ENTER**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

[2] This report and recommendation does not address all the deficiencies in Plaintiff's complaint.