UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| CHARLES MICHAEL ROSS, | ) |
|---|---|
| *Plaintiff*, | ) |
| | ) Case No. 1:24-cv-191 |
| v. | ) |
| | ) Judge Atchley |
| STATE OF TENNESSEE, *et al.*, | ) Magistrate Judge Steger |
| *Defendants*. | ) |

# MEMORANDUM OPINION AND ORDER

On July 24, 2024, United States Magistrate Judge Christopher H. Steger filed a Report and Recommendation [Doc. 15] (the "R&R") pursuant to 28 U.S.C. § 636 and the rules of this Court. Magistrate Judge Steger screened the Complaint [Doc. 1] pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, and recommends that this action be dismissed for failure to state a claim and for lack of subject matter jurisdiction.

Plaintiff was advised that he had 14 days to object to the Report and Recommendation and that failure to do so would forfeit any right to appeal. [Doc. 15 at 4 n.1]; *see* Fed. R. Civ. P. 72(b)(2). Plaintiff timely filed an Objection [Doc. 16].

For reasons that follow, the Objection [Doc. 16] will be **OVERRULED**, the Report & Recommendation [Doc. 15] will be **ACCEPTED** and **ADOPTED**, and this action will be **DISMISSED** for failure to state a claim and for lack of subject matter jurisdiction.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This is the second of ten lawsuits Plaintiff Charles Michael Ross filed between June 10 and August 18, 2024. Like Case Nos. 1:24-cv-190 and 1:24-cv-196, this action relates to Plaintiff's attempts to challenge state court judgment(s). In his Statement of Claim [Doc. 1 at 6], Plaintiff

alleges that he was not served with process in Case No. 23GS9587 in the Hamilton County General Sessions Court, but that a judgment was nonetheless entered against him in that case. [*Id.*].

More specifically, Mr. Ross alleges that a process server came to his home when he was not there, sometime in October 2023. [*Id.*]. His mother refused to sign anything or accept service on his behalf. [*Id.*]. Several months letter, he received a letter from a law firm advising that a final judgment was being forwarded to the Register of Deeds to be entered as a lien against Mr. Ross's property. [*Id.*]. A few weeks later, Ross acquired the affidavit of service for the General Sessions court case. [*Id.*]. He alleges that the process server used his mother's description of his appearance to falsely claim that she had personally served him with summons.

Mr. Ross apparently challenged the judgment against him in some way because he alleges he appeared before Judge McVeagh in the Hamilton County General Sessions Court on March 25, 2024. [*Id.*]. He explained at the hearing that the summons was never served. [*Id.*]. Ross was told he needed to subpoena the process server for a later hearing, but did not do so. [*Id.*]. At the later hearing, Ross argued to Judge Sell that it was the Court's responsibility to subpoena the process sever. [*Id.*]. According to Ross, Judge Sell disagreed and upheld the default judgment that had been entered against him. [*Id.*].

Plaintiff claims these events have caused him undue stress and mistrust of government, and cost him transportation and parking fees. He seeks $100,000 in damages for allowing a lien to be entered against his property based on an allegedly invalid final judgment. He states that his claims implicate 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution. He asserts claims against the State of Tennessee and Judges Alexander McVeagh and Christie M. Sell of the Hamilton County General Sessions Court.

## II. STANDARD OF REVIEW

It is well-established that "[a] general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). In the absence of an objection, the district court is not obligated to conduct a *de novo* review of a report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Moreover, "the district court need not provide *de novo* review where the objections are 'frivolous, conclusive, or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*quoting Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id.*

## III. ANALYSIS

Under 28 U.S.C. § 1915(e)(2), the Court must screen actions filed by plaintiffs proceeding *in forma pauperis*. If at any time the Court determines such an action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such relief, the Court must dismiss the action. 28 U.S.C. § 1915(e)(2). After screening the Complaint, Judge Steger recommends this action be dismissed for lack of subject matter jurisdiction and for failure to state a claim. [Doc. 15 at 4].

Judge Steger understood Plaintiff's Complaint as asserting that Defendants violated his due process rights by failing or refusing to set aside the judgment entered against him in General Sessions Court Case No. 23GS9587. [*Id.* at 2]. Because Plaintiff is asking the Court to review and

3

set aside the final judgment in the General Sessions case, the Magistrate Judge concluded that the Court lacks jurisdiction under the *Rooker-Feldman* doctrine. [*Id.* at 4-5].

As the Report & Recommendation explains, the *Rooker-Feldman* doctrine "bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *Berry v. Schmitt*, 688 F. 3d 290, 298 (6th Cir. 2012) (citation omitted). The doctrine also bars lower federal courts from conducting appellate review of interlocutory orders entered by state courts. *Pieper v. American Arbitration Ass'n, Inc.*, 336 F.3d 458, 462 (6th Cir. 2003) ("[W]e find it difficult to believe that lower federal courts are prohibited from reviewing final state-court judgments, but yet are somehow permitted to review interlocutory decisions."). Plaintiff's claims are premised on a rejection of the state court's orders and judgments and are barred by *Rooker-Feldman*.

In his Objection [Doc. 16] to the R&R, Mr. Ross seeks to avoid this conclusion by arguing that he is not asking the Court to set aside the judgment against him. Rather, he seeks monetary damages for the deprivation of his rights occasioned by that judgment. [*Id.*]. But "[w]here federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Pieper v. American Arbitration Ass'n, Inc.*, 336 F.3d 458, 462 (6th Cir. 2003) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998)). *Rooker-Feldman* bars relitigation of claims already raised in state court proceedings as well as those that are "inextricably intertwined" with previously-asserted claims. *Pieper*, 336 F.3d at 460. "[T]his means that when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction." *Id.* Finding that the state court's orders and

4

judgments violate the Fifth or Fourteenth Amendment requires "rejection" of those orders and judgments. Accordingly, the Court lacks jurisdiction over Plaintiff's claims.

While the Court lacks subject matter jurisdiction, it is worth noting that Plaintiff's claims cannot survive screening under 28 U.S.C. § 1915 for several other reasons. First, his Objection is insufficient to trigger *de novo* review. "[T]he district court need not provide *de novo* review where the objections are 'frivolous, conclusive, or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (citation omitted). Plaintiff's objection is little more than a restatement of his allegations and does not explain why Magistrate Judge Steger's analysis is legally incorrect. Because of Plaintiff's pro se status, the Court nonetheless reviewed the record, the R&R, and Plaintiff's objection thoroughly, and independently concludes that his claims are barred by *Rooker-Feldman* and that the Complaint fails to state a claim.

Second, Plaintiff's claims are subject to dismissal as to the State of Tennessee because it is not a "state actor" for § 1983 purposes and is immune from suit. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (a State "is not a person within the meaning of § 1983").[1] The State of Tennessee also enjoys immunity from suit because, with exceptions not relevant here, the Eleventh Amendment bars claims brought by a citizen against his own state. *Hans v. Louisiana*, 134 U.S. 1 (1890); *Johnson v. Tennessee*, 2012 WL 2064453, *3 (E.D. Tenn. June 6, 2012) ("Tennessee's state sovereign immunity under the Eleventh Amendment bars Plaintiff's claims for damages.").

Judge Sell and Judge McVeagh are likewise immune from suit. Judicial immunity "is

---

[1] Plaintiff has to rely on § 1983 bring any equal protection or due process claim. This is so because "the Fourteenth Amendment does not create a private right of action; instead, § 1983 provides a cause of action for all citizens injured by an abridgement of the protections set forth in the Equal Protection and Due Process Clauses of the Fourteenth Amendment." *Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 683 (6th Cir. 2018) (internal punctuation and citation omitted).

5

absolute: all of a judge's actions taken in an official judicial capacity are immune from suit." *Morgan v. Bd. of Prof. Responsibility*, 63 F.4th 510, 518 (6th Cir. 2023). Plaintiff's allegations regarding Judge Sell and Judge McVeagh all relate to actions taken in their judicial capacity. So even if the Court had subject matter jurisdiction – which it does not – Plaintiff's claims would be dismissed.

Finally, Plaintiff complains that Magistrate Judge Steger is not a party to this case and no motion to dismiss has been filed. His contentions are meritless. Judge Steger is the United States Magistrate Judge assigned to this case. As he explained in his Report & Recommendation, the Court is responsible for screening complaints filed by plaintiffs proceeding *in forma pauperis*, as provided in 28 U.S.C. § 1915(e)(2).

That Plaintiff has since sued Judge Steger in another action does not require his recusal here, or that of the undersigned. *See, e.g., United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (baseless personal attacks or suits against a judge by a party are not bases for recusal); *United States v. Martin-Trigona*, 759 F.2d 1017, 1020-21 (2d Cir. 1985) (party cannot force recusal merely by filing a complaint or lawsuit against a judge). Plaintiff makes no allegations of bias or prejudice and in any event, "conclusory allegations of bias or prejudice are insufficient to support recusal." *In re Jones*, 2021 WL 1811625, * 1 (6th Cir. Feb. 2, 2021); *see United States v. Elsea*, 2022 WL 2751750, *1 (E.D. Tenn. July 13, 2022) ("[T]his Court's sole source of knowledge of this case and its facts arose from the natural progression of the case itself, which precludes a finding of bias or prejudice.").

## IV. REFERRAL OF LITIGANT

Finally, the Court notes that Charles Michael Ross has already been referred to Chief Judge Travis R. McDonough for consideration of whether injunctive measures are appropriate pursuant

6

to Standing Order 18-04. *See Ross v. State of Tennessee*, Case No. 1:24-cv-196 [Doc. 17]. As the Court explained in its Memorandum Opinion and Order [Doc. 17] dismissing that action, many of Plaintiff's complaints relate to the same or similar subject matter. Indeed, *Ross v. State of Tennessee*, Case No. 1:24-cv-196, is very similar to the instant action, challenging the refusal of the General Sessions Court to set aside the judgment against Ross, as well as the denial of his applications for indigency status. The duplicative nature of these filings further supports a potential injunction on Mr. Ross's filing abilities.

## V. CONCLUSION

Plaintiff's Objection [Doc. 16] is **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the findings of fact and conclusions of law set forth in the Report and Recommendation [Doc. 15], and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction, for failure to state a claim, and because it asserts claims against Defendants who are immune.

A separate judgment shall enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE
